UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JOSEPH JOEL GIBSON )<br>)<br>*Petitioner*, )<br>)<br>v. )<br>)<br>)<br>TONY PARKER, Warden )<br>)<br>*Respondent*. ) | No. 1:05-cv-018<br>*Mattice* |

## **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee, on behalf of the respondent, and petitioner's response thereto. For the following reasons, the motion to dismiss [Court File No. 4] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner Joseph Joel Gibson ("Gibson") challenges his 2003 Hamilton County convictions for aggravated burglary and theft of property. The Attorney General moves to dismiss the habeas corpus petition as untimely and for failure to exhaust state remedies. In support of the motion to dismiss, the Attorney General has provided the court with copies of the judgments of conviction from the Criminal Court for Hamilton County, Tennessee. [Court File No. 7, Notice of Filing of Documents, Addendum 1].

Gibson pleaded guilty to the charges of aggravated burglary and theft of property; by judgments dated November 24, 2003, he was sentenced to concurrent terms of imprisonment of six years and four years, respectively. [Addendum 1]. Gibson did not appeal his convictions or sentence, nor has he filed for state post-conviction relief.

Gibson filed the pending habeas corpus petition on January 5, 2005.[1] He claims that the guilty pleas were not voluntarily made with an understanding of the nature of the charges and the consequences of the plea; he also claims that he is being illegally detained because he has not been given proper jail credit. The respondent moves to dismiss the petition based upon the applicable statute of limitation and for failure to exhaust state remedies.

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

---

[1] The petition was received by the Clerk's Office on January 7, 2005. However, the envelope bears a stamp showing it was received by the prison mail room for mailing on January 5, 2005. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

Because Gibson did not appeal his convictions, the convictions became final on December 24, 2003, which was 30 days after imposition of sentence. *See State v. Green*, 106 S.W.3d 646 (Tenn. 2003). At that time, the one-year statute of limitation commenced running. Since Gibson did not seek state post-conviction relief, the statute was never tolled. Gibson's habeas corpus petition was not filed until January 5, 2005. Accordingly, the habeas corpus petition was not timely filed and is barred by the statute of limitation.

In response to the motion to dismiss, Gibson claims his petition should not be time-barred because the State of Tennessee violated the plea agreement. According to Gibson, his Tennessee sentence was to run concurrently with his pending Georgia sentence, and the State of Tennessee violated the plea agreement by bringing him back to Tennessee after the expiration of his Georgia sentence. Thus, Gibson argues that he is being illegally detained.

To the extent Gibson challenges the voluntariness of his guilty pleas, such a claim is barred by the statute of limitation. To the extent Gibson claims he has not received proper jail credit, he has failed to exhaust his available state remedies on that issue. A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state remedies. 28 U.S.C. § 2254; *Rose v. Lundy*, 455 U.S. 509 (1982).

The Tennessee Department of Correction is a state agency subject to the Tennessee Uniform Administrative Procedures Act. Tenn. Code Ann. §§4-3-101, 4-5-101 *et seq*. Petitioner has the right to petition the TDOC for a declaratory order regarding his sentence credits and, upon that agency's refusal to issue a declaratory order, to seek state judicial review of the actions of the TDOC in the Chancery Court of Davidson County, Tennessee.

*Id*. §§4-5-223, -224. *See Brock v. Dutton*, No. 01A01-9201-CH-00029, 1992 WL 113451 (Tenn. App. May 29, 1992), *permission to appeal denied* (Tenn. July 27, 1992); *Brigham v. Lack*, 755 S.W.2d 469, 471 (Tenn. Crim. App.), *permission to appeal denied, id*. (Tenn. 1988). The Attorney General contends, and Gibson admits, that he did not pursue state administrative remedies. Accordingly, Gibson has failed to exhaust his available state remedies.

The motion to dismiss will be **GRANTED**. The petition for habeas corpus will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

    *s/ Harry S. Mattice, Jr.*
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE